HENRY V. MASSEY, complainant,

*v.*

CAMDEN AND TRENTON RAILWAY COMPANY, defendant, and
PUBLIC SERVICE CORPORATION OF NEW JERSEY, appellant.

[Submitted December 11th, 1911.    Decided March 4th, 1912.]

On appeal from a decree of the court of chancery made by the Chancellor.

*Mr. L. D. Howard Gilmour,* for the appellant.

*Mr. John D. McMullin* and *Messrs. Vroom, Dickinson & Scammell,* for the respondent.

PER CURIAM.

The Camden and Trenton Railway Company, a street railway corporation, was adjudged insolvent by the court of chancery upon a creditor's bill under the "Act concerning corporations (Revision of 1896)," and a receiver was appointed for it February 18th, 1908.

This insolvent company was subject to two mortgages, which covered all the assets of the railway company, including daily receipts. The mortgagee was not a party to the chancery proceedings.

In November, 1908, the mortgagee began foreclosure proceedings in the United States circuit court for the district of New Jersey. The mortgaged premises were subsequently sold by a decree of that court, and were bought by the bondholders' committee for much less than the mortgage debt. No receiver was appointed in the United States court proceedings.

From February 18th, 1908, until April, 1910, the railway was operated by the chancery receiver, and upon his final report, it

appeared that the earnings of the road during his receivership were not sufficient to pay any dividend to the creditors.

When the receiver first took charge, he found a transportation agreement between the Camden and Trenton Railway Company and the public service corporation in effect, and a balance due for the services thereunder to the public service corporation.

We are concerned on this appeal with the claim of the public service corporation for the sum of $1,454.08, the amount of such balance thus due, and presented to the receiver, as appears by the chancellor's decree. The chancellor decreed that as to such sum the public service corporation was a general creditor. From that decree the company appeals, contending it should be paid in full.

The first ground of appeal is that under the agreement between the roads, the Camden and Trenton Railway Company collected fares as trustee for the public service corporation. But there is no merit in this contention. There is no language in the agreement which can be construed as creating such a trust.

The second ground seems to be that the receiver, by merely continuing the operation of the road, assumed such prior indebtedness and it thereby became entitled to preference. We see no merit in this contention.

The third ground is that under the doctrine of the United States courts, as exemplified by *Fosdick* v. *Schall, 99 U. S. 235,* in foreclosure cases, claims for traffic exchange and for maintenance incurred prior to receivership, are preferred claims. This is the same contention made by the General Electric Company in its appeal from this same decree here appealed from, and was decided by this court in *Massey* v. *Camden and Trenton Railway Co., 78 N. J. Eq. (8 Buch.) 539,* adversely to the contention of the appellant.

The decree of the court of chancery under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY—14.

*For reversal*—None.